NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN T. AUBART,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>RYAN D. McCARTHY, Acting Secretary of the Army,<br><br>　　　　　Defendant-Appellee. | No. 19-16676<br><br>D.C. No. 1:17-cv-00611-LEK-KJM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted December 2, 2020**

Before:　　WALLACE, CLIFTON, and BRESS, Circuit Judges.

　　　Kevin T. Aubart, a civilian military employee, appeals pro se from the

district court's summary judgment in his 28 U.S.C. § 1346(a)(2) action alleging

entitlement to reimbursement for his commuting costs after the Army changed his

duty station.　We have jurisdiction under 28 U.S.C. § 1291.　We review de novo.

---

　　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

*Oswalt v. Resolute Indus., Inc*., 642 F.3d 856, 859 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment because Aubart failed to raise a genuine dispute of material fact as to whether he was entitled to reimbursement. *See* Dep't of Def., The Joint Travel Regulations, App. A, A1-33 (defining Permanent Duty Station as a "[b]uilding or other place (base, military post, or activity) where an employee regularly reports for duty"); *see also FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

We reject as meritless Aubart's contentions that his First Amendment rights were violated by the district court's order regarding communication with army personnel and that the district court improperly disregarded certain declarations.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-16676